UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONY PANTALEON,<br><br>    Petitioner,<br><br>    v.<br><br>STEVE SMITH,<br><br>    Respondent.[1] | No. 2:24-cv-1649-DC-SCR<br><br><br>FINDINGS AND RECOMMENDATIONS |

    Petitioner is a state prisoner proceeding without counsel in this habeas corpus action filed pursuant to 28 U.S.C. § 2254. Currently pending before the court is respondent's partial motion to dismiss the habeas petition on the grounds that some of the claims are unexhausted. Petitioner has not filed an opposition and the time to do so has expired. For the reasons explained below, the undersigned recommends granting the motion to dismiss claims two through seven without prejudice as unexhausted.

/////

---

[1] Respondent requests that Steve Smith be substituted as the proper respondent in this action since he is the warden of Pleasant Valley State Prison where petitioner is incarcerated. See ECF No. 11 at 1, n. 1. The court grants the request pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases and orders the Clerk of Court to amend the docket to reflect Steve Smith as respondent in this matter.

I. **Factual and Procedural History**

Following a jury trial, petitioner was convicted of numerous felony sex offenses against a minor in the Sacramento County Superior Court. ECF No. 1 at 1. On March 9, 2022, he was sentenced to a determinate state prison term of 111 years plus an indeterminate term of 115 years to life in state prison. See ECF No. 13-1 (Felony Abstract of Judgment).

Petitioner appealed his conviction to the California Court of Appeal, challenging the imposition of the upper term determinate sentences because the aggravating factors were not plead in the indictment or found true by the jury. See ECF No. 13-2 at 6-10. Petitioner also challenged the number of custody credits granted by the trial court. ECF No. 13-2 at 10-11. On March 21, 2023, the Court of Appeal affirmed the judgment, but ordered an amended abstract of judgment to be prepared to conform to the trial court's oral pronouncement of custody credits. ECF No. 13-2.

Petitioner next filed a petition for review in the California Supreme Court on April 19, 2023, raising a single claim that the aggravated determinate sentences were unauthorized because they were not pled and proven beyond a reasonable doubt. ECF No. 13-3. The petition for review was denied on June 14, 2023. ECF No. 13-4.

According to petitioner, he did not file any state habeas petition challenging his state court conviction. ECF No. 1 at 3.

Petitioner filed the instant § 2254 petition on June 5, 2023, raising four claims for relief.[2] First, petitioner asserts that the imposition of the upper term sentences under California Penal Code § 1170 was unauthorized because the prosecution did not plead any aggravating sentencing factors. ECF No. 1 at 7. Next, petitioner contends that his right to due process was violated based on the sentencing factors that guided the trial court's selection of the upper, middle, or lower term. ECF No. 1 at 7-10. In his third claim, petitioner claims that he should be considered as "resident child molester..." for sentencing purposes under California Penal Code § 288.5. ECF No. 1 at 11-12. Fourth, petitioner raises a due process challenge to the prosecution's failure to

---

[2] The filing date was calculated using the prison mailbox rule. See Houston v. Lack, 487 U.S. 266 (1988).

2

1  meet their burden of proof that a particular act or acts occurred on a specific occasion. Id. at 12-
2  13. In his fifth claim, petitioner asserts that his sentences for counts 2, 4, 6, 8 and 12 violate the
3  ex post facto clause. Id. at 14-15. Next, petitioner contends that his Sixth Amendment right to a
4  jury trial was violated because residents of Tulare County were excluded from the jury even
5  though Jane Doe testified that two counts occurred there. Id. at 16-17. Finally, petitioner asserts
6  an ineffective assistance of trial and appellate counsel claim for failing to raise claims two
7  through six. Id. at 17-18. Petitioner acknowledges that claims two through seven were not
8  exhausted in state court because they were discovered subsequent to filing his petition for review
9  before the California Supreme Court.

## II.     Motion to Dismiss

On September 9, 2024, respondent filed a motion to dismiss petitioner's mixed § 2254 application because claims two through seven were not presented in the one and only petition for review filed in the California Supreme Court. ECF No. 11. Along with the motion, respondent lodged the relevant state court records concerning petitioner's conviction and direct appeal.

On January 14, 2025, petitioner was granted an extension of time to file an opposition to the motion to dismiss. ECF No. 17. Later, the court provided petitioner with the relevant legal standards governing a request for a stay and abeyance of any unexhausted claims for relief. To date, petitioner has not filed an opposition to the motion or a request for a stay and abeyance in order to return to state court to exhaust any of his pending claims.

## III.     Legal Standards

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each habeas claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). The prisoner must "fairly present" both the operative facts and the federal legal theory supporting his federal claim to the state's highest court, "thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004); see Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003), overruled on other

1  grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007).  The United States Supreme Court
2  has held that a federal district court may not entertain a petition for habeas corpus unless the
3  petitioner has exhausted state remedies with respect to each of the claims raised.  Rose v. Lundy,
4  455 U.S. 509 (1982) (establishing the total exhaustion rule).

**IV.    Analysis**

After reviewing the state court record lodged in this proceeding, the undersigned finds that petitioner has not properly exhausted his state court remedies with respect to claims two through seven.  He acknowledged as much when he filed his § 2254 petition one year ago.  However, since that time, he has not filed a request for a stay and abeyance in this court or any state habeas petition seeking to properly exhaust these claims.  Thus, claims two through seven remain unexhausted.  The undersigned recommends granting respondent's motion to dismiss these claims without prejudice.  See Rose, 455 U.S. 509 (requiring all claims in a habeas petition to be properly exhausted).  It is further recommended that claims two through seven be stricken from petitioner's § 2254 application and that responded be ordered to file an answer to claim one.

**V.    Plain Language Summary for Party Proceeding Without a Lawyer**

Since petitioner is representing himself in this case, the court wants to make sure that the words of this order are understood.  The following information is meant to explain this order in plain English and is not intended as legal advice.

After reviewing the motion to dismiss and the relevant state lodged documents in your case, the undersigned finds that you have not exhausted your state court remedies for claims two through seven.  It is recommended that these claims be dismissed without prejudice.  This will not end your case.  Claim one of your federal habeas petition remains pending.

If you disagree with this recommendation, you have 21 days to explain why it is not the correct legal outcome.  Label your explanation "Objections to Magistrate Judge's Findings and Recommendations."  The district judge assigned to your case will review the file and make the final decision.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court modify the docket to reflect Steve Smith as the proper respondent in this action.

4

IT IS FURTHER RECOMMENDED that:

1. Respondent's partial motion to dismiss (ECF No. 11) be granted.

2. Claims two through seven of petitioner's application for a writ of habeas corpus be dismissed without prejudice as unexhausted and stricken from the petition.

3. Respondent be ordered to file an answer to claim one of petitioner's application for writ of habeas corpus.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 13, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE